**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NO. 1:26-cv-00030-MR**

| | | |
|---|---|---|
| **REY CERVANTES LOPEZ,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **MEMORANDUM OF** |
| **vs.** | ) | **DECISION AND ORDER** |
| | ) | |
| **LESLIE COOLEY DISMUKES,** | ) | |
| **Secretary, North Carolina** | ) | |
| **Department of Adult Correction,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on review of the pro se Petition for

Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, by Rey Cervantes

Lopez (herein "Petitioner") on January 28, 2026.  [Doc. 1].

**I.     BACKGROUND**

The Petitioner is a prisoner of the State of North Carolina.[1]    The

Petitioner was convicted November 27, 2023, in Buncombe County Superior

Court of four drug offenses: one count of Trafficking in Schedule I Controlled

Substances, one count of Trafficking in Schedule II Controlled Substances,

one count of Possession with Intent to Sell and Deliver Schedule IV

---

[1]    See https://webapps.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=
1103412&searchOffenderId=1103412&searchDOBRange=0&listurl=pagelistoffendersea
rchresults&listpage=1(herein "NCDAC Database"); Fed. R. Evid. 201.

Controlled Substances, and one count of Maintaining a Place for Controlled Substances. [NCDAC Database]. The trial court consolidated into one judgment the Petitioner's convictions for Trafficking in Schedule II Controlled Substances and Maintaining a Place for Controlled Substances and imposed an active sentence of 70 to 93 months imprisonment. The trial court consolidated into a second judgment the Petitioner's convictions for Trafficking in Schedule I Controlled Substances and Possession with Intent to Sell and Deliver Schedule IV Controlled Substances and imposed a consecutive active sentence of 90 to 120 months imprisonment. [Id.]. Petitioner's projected release date from imprisonment is April 28, 2038. [Id.].

After the Petitioner sustained his state court convictions, no direct appeal was filed. As for any post-conviction proceedings, the Petitioner filed only a petition for writ of habeas corpus in the North Carolina Supreme Court on November 20, 2025, which was denied by that court the following day. Lopez v. Dismukes, Docket No. 338P25 (N.C. Nov. 21, 2025).

In conducting its initial review of the § 2254 petition herein, the Court preliminarily concluded that the Petitioner's habeas action was filed beyond the applicable one-year statute of limitations and was factually deficient. Accordingly, the Court entered an Order May 13, 2026, directing the Petitioner, within twenty-one (21) days of the entry of the Order, to file a

document explaining why his § 2254 petition should not be dismissed as untimely and to cure the factual deficiencies.  [Doc. 2]. The Court warned the Petitioner that his failure to comply with the provisions of the Order within such time would result in the dismissal of this action.  [Id.]. The twenty-one day period set forth in the Court's Order has expired and the Petitioner has filed nothing in response to it.

## II.  DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a statute of limitations for § 2254 petitions by a person in custody pursuant to a state court judgment.  28 U.S.C. § 2244(d)(1). The petition must be filed within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

3

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

The Petitioner was convicted of his state offenses November 27, 2023. Since no direct appeal was filed, and since Petitioner has not asserted any grounds listed in § 2244(d)(1)(B) through § 2244(d)(1)(D) in his petition, the Petitioner's state court judgments became final at the expiration of the time for filing a notice of appeal seeking direct review of them, which is fourteen days under North Carolina law. See N.C.R. App. 4(a) (a party entitled to appeal from a judgment in a criminal action may take appeal by giving oral notice of appeal at trial, or filing notice of appeal with the clerk of superior court within fourteen days after entry of the judgment). Thus, the Petitioner's 365-day limitations period began to run on December 11, 2023, fourteen days after the entry of his state judgments. The limitations period ran from that date until December 10, 2024, when the period for the Petitioner to commence this action expired. 28 U.S.C. § 2244(d)(1)(A). The present action, commenced January 28, 2026, is filed over one year beyond the limitations period and is therefore subject to dismissal.

The Petitioner has filed nothing in response to the Court's Order of May 13, 2026. Further, the Petitioner gave no meaningful explanation, under Question 18 of his § 2254 petition, regarding how he has complied with the

applicable AEDAP limitations period or what good cause exists to excuse his non-compliance. The only explanation the Petitioner gives, in response to Question 18 of his petition, are the two words, "new facts." [Doc. 1 at 13]. The Petitioner gives no explanation as to what these "new facts" may be, or how and when he came into possession of these "new facts," or how these "new facts" establish the timely filing of his § 2254 petition. Accordingly, the Petitioner has failed to put forth any evidence or argument that his § 2254 petition is timely, or that he is entitled to statutory tolling of the limitations period under § 2244(d)(1)(B)-(D), or that equitable tolling of limitations period is appropriate. As such, the § 2254 petition shall be dismissed as untimely.[2]

## III.   CONCLUSION

For the foregoing reasons, the § 2254 petition filed in this action shall be dismissed. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (noting that, in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (holding

---

[2] Because the Court is dismissing the § 2254 petition as having been filed outside of the applicable AEDPA limitations period, it is without jurisdiction to consider whether the petition is factually deficient, as first noted in its May 13, 2026, Order. [Doc. 2 at 4-5].

that, when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

<u>**O R D E R**</u>

**IT IS, THEREFORE, ORDERED** that:

1. The Petition for Writ of Habeas Corpus [Doc. 1] is **DISMISSED**;

2. The Court **DECLINES** to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases; and

3. The Clerk of Court is respectfully directed to terminate this action.

**IT IS SO ORDERED.**

Signed: 6/8/2026

Martin Reidinger
Chief United States District Judge

6